UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT ALAN PARDEE,

        Petitioner,         Case No. 2:09-cv-68

v.         Honorable R. Allan Edgar

CATHERINE BAUMAN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.     Factual Allegations

Petitioner is currently incarcerated at Alger Maximum Correctional Facility. On August 5, 2002, he pled guilty to one count of second-degree criminal sexual conduct. (Pet. at 1, docket #1-1.) On October 10, 2002, he was sentenced to a term of eight months in the Kent County Jail followed by four years of probation. (Ex. F, Kent County Cir. Ct. Op. at 2, docket #1-3.) On June 11, 2003, Petitioner pled guilty to violating the terms of his probation and was sentenced to a term of incarceration of four to fifteen years. (*Id.*)

Petitioner never sought leave to directly appeal his conviction. He filed a Motion for Relief from Judgment with the Kent County Circuit Court on June 28, 2006. (Pet. at 3.) The motion was denied and Petitioner sought leave to appeal to the Michigan Court of Appeals and Michigan Supreme Court. He was denied leave on July 24, 2007 and November 29, 2007, respectively. (*Id.* at 4.) Through appointed counsel, Petitioner filed a second Motion for Relief from Judgment on April 3, 2008. (*Id.*) It was denied by the Kent County Circuit Court on April 3, 2008. He then sought leave to appeal to the Michigan Court of Appeals and Michigan Supreme Court. His application was dismissed by the Michigan Court of Appeals for lack of jurisdiction. (Jul. 30, 2008 Order, Michigan Court of Appeals (MCOA) docket #258064.) The Michigan Supreme Court also denied his application because it was prohibited by MICH. CT. R. 6.502(G). (Nov. 25, 2008 Order, Mich. docket #137055.)

Petitioner now brings this habeas corpus action raising five grounds for relief: (1) that he is actually innocent; (2) that his due process rights were violated because he was tried as an adult and not as a juvenile; (3) that the Kent County Circuit Court did not have proper jurisdiction over

Petitioner's case; (4) that he received ineffective assistance of counsel during his guilty plea; and (5) that he received ineffective assistance of appellate counsel. (Mem. in Supp. of Pet. at 8, 11, 19-21, 24, 26, docket #1-2.)

> II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner's claims relate to his original conviction and sentence, not to his re-sentencing after the probation violation, his limitation period is triggered by the date his original judgment of conviction became final.

Petitioner was originally sentenced on October 10, 2002 to eight months imprisonment and four years probation. He did not file a direct appeal of his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had one year, until October 10, 2003, in which to a file delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, no judgment on the merits of Petitioner's claims existed from which he could seek further review in the Michigan Supreme Court. Thus, Petitioner may not count the 56-day period for seeking leave to appeal to the Michigan Supreme Court. *See* MICH. CT.

R. 7.302(C)(2). Nor may he count the 90-day period for filing a petition for a writ of certiorari. *See United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the 90-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Consequently, Petitioner's conviction became final on October 10, 2003.[2]

Petitioner had one year after his conviction became final, until October 10, 2004, in which to file his habeas petition. Petitioner filed the instant petition on March 25, 2009. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

---

[2] Plaintiff alleges that he was told at sentencing that he did not have a right to appellate counsel. (Pet. at 13-14.) To the extent Petitioner asserts that § 2244(d)(1)(C) is applicable because of the Supreme Court's ruling in *Halbert v. Michigan*, 545 U.S. 605 (2005), his claim is without merit. In *Halbert,* the Supreme Court held that the Due Process and Equal Protection Clauses require appointment of counsel for indigent defendants convicted on pleas of guilty or nolo contendere who seek access to first-tier review in the Michigan Court of Appeals, even though such review is discretionary under state law. First, Petitioner did receive appointment of appellate counsel even if though it was after he had filed his first motion for relief from judgment. (Mem. in Supp. of Pet. at 26, 31.) Second, *Halbert* was decided on June 23, 2005, and Michigan Court Rule 6.425(G)(1)(c) was adopted in 2005 to conform to the *Halbert* ruling. *See* MICH. CT. R. 6.425 advisory committee's notes. Rule 6.425(G)(1)(c) was not in place when Petitioner was convicted in 2004. Therefore, Petitioner does not have a cognizable claim unless *Halbert* applies retroactively under *Teague v. Lane*, 489 U.S. 288 (1988).

Under *Teague*, a "new rule" of criminal procedure does not apply retroactively to cases on collateral habeas review unless it falls under one of two exceptions. The first exception permits retroactive application if the new rule "decriminalize[d] a class of conduct [or] prohibit[ed] the imposition of capital punishment on a particular class of persons." *Saffle v. Parks,* 494 U.S. 484, 494-95 (1990). The second exception applies to "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 495 (citing *Teague,* 489 U.S. at 311). The Sixth Circuit recently held in *Simmons v. Kapture*, 516 F.3d 450 (6th Cir. 2008), that *Halbert* does not apply retroactively. "In short, *Halbert* announced a 'new rule,' and that new rule neither decriminalizes a class of conduct nor is a 'watershed' rule." *Simmons*, 516 F.3d at 451. Accordingly, § 2244(d)(1)(C) does not apply to Petitioner's application.

Even if the Court began to calculate the statute of limitations from the time Petitioner was sentenced for violating probation, his application would be time-barred. Petitioner was sentenced for violating probation on June 11, 2003. As with his original conviction, he did not file a direct appeal to either the Michigan Court of Appeals or the Michigan Supreme Court. Petitioner had one year, until June 11, 2004, in which to a file delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Consequently, Petitioner's conviction became final on June 11, 2004. Petitioner had one year, until June 11, 2005, in which to file his habeas petition. Thus, absent tolling, his application is time-barred.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year period expired in 2003, his collateral motions filed in 2006 and 2008 do not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (holding that the one-year statute of limitations set forth in § 2254 and § 2255 are subject to equitable tolling). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*,

366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

    For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


               /s/ Timothy P. Greeley
               TIMOTHY P. GREELEY
               UNITED STATES MAGISTRATE JUDGE

Dated:  May 29, 2009


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).