UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT ALAN PARDEE,

    Petitioner,

v.                                                Case No. 2:09-cv-68
                                                HON. R. ALLAN EDGAR

CATHERINE BAUMAN,

    Respondent.
_____/

**MEMORANDUM AND ORDER**

       Petitioner Scott Alan Pardee, a Michigan state prisoner in the custody of the Michigan Department of Corrections, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The case was referred to Magistrate Judge Timothy P. Greeley for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1(d). On May 29, 2009, Magistrate Judge Greeley submitted his report and recommendation. [Doc. No. 2]. It is recommended that the habeas petition be denied and dismissed with prejudice on the ground it is time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). It is further recommended that a certificate of appealablity be denied under 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473 (2000).

       Pardee filed an objection to the report and recommendation. [Doc. No. 4]. After reviewing the record *de novo*, the Court concludes that the objection is without merit and it is **DENIED**. The Court agrees with the report and recommendation that the habeas petition is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A) and petitioner Pardee is not entitled to equitable

1

tolling of the statute of limitations.

There is one matter that requires some discussion. Pardee argues that the date on which the statute of limitations commenced to run, i.e. the date when on his 28 U.S.C. § 2254 habeas claim accrued, should be governed by 28 U.S.C. § 2244(d)(1)(D) and not 28 U.S.C. § 2244(d)(1)(A). This argument fails. The Court concludes that 28 U.S.C. § 2244(d)(1)(D) is not applicable in this case. The Court agrees with the report and recommendation that the statute of limitations in this case is governed by 28 U.S.C. § 2244(d)(1)(A).

28 U.S.C. § 2244(d)(1) provides that the one-year period of limitation shall run from the latest of four alternative events which are set forth in subsections (A) - (D). Pardee seeks to invoke 28 U.S.C. § 2244(d)(1)(D) which provides that the limitation period runs from "the date on which the **factual** predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (Emphasis supplied). 28 U.S.C. § 2244(d)(1)(D) provides that the one-year statute of limitations commences to run from the date when the habeas petitioner through the exercise of due diligence could have discovered the **facts** on which his habeas claim is predicated.

Pardee's reliance on 28 U.S.C. § 2244(d)(1)(D) is misplaced. There is no contention or proof showing that Pardee lacked essential knowledge of the underlying facts in his criminal case. There is no contention by Pardee that there was a delay in his knowing or discovering the factual predicate of his 28 U.S.C. § 2254 habeas claim. All of the material factual predicates for the claim raised by Pardee in is 28 U.S.C. § 2254 habeas petition were known to him in 2002 when he pleaded guilty and was convicted on the charge of second-degree criminal sexual conduct.

The gist of Pardee's argument is that he did not understand the law and did not know his legal rights because he was a juvenile (17 years old) in 2002 when he pleaded guilty and was

convicted on the charge of second-degree criminal sexual conduct.  Pardee's contention that he did not understand the law and was ignorant of his legal rights is insufficient to invoke and apply 28 U.S.C. § 2244(d)(1)(D).  A claim of ignorance of the law is not the same as ignorance of the facts.  In the absence of a showing by Pardee that the reason he delayed filing his habeas petition is he could not have discovered the factual predicate of his 28 U.S.C. § 2254 habeas claim through the exercise of due diligence, 28 U.S.C. § 2244(d)(1)(D) simply does not apply.

The records shows that Pardee did not timely file his 28 U.S.C. § 2254 habeas petition and it is time-barred by the statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A).  Pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b) the Court **ACCEPTS and ADOPTS** the report and recommendation.  Accordingly, for the reasons expressed in the report and recommendation the petition for writ of habeas corpus brought under 28 U.S.C. § 2254 shall be **DENIED and DISMISSED WITH PREJUDICE**.

If petitioner Pardee files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be **DENIED** pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Reasonable jurists could not find it debatable whether the habeas petition has been properly dismissed on the ground it is time-barred by the statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A).

A separate judgment will enter.

SO ORDERED.

Dated: November 13, 2009.

            */s/ R. Allan Edgar*
           R. ALLAN EDGAR
         UNITED STATES DISTRICT JUDGE